**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TYRONE BLACK and** | **CIVIL ACTION** |
| **EBONESS BLACK** | |
| | |
| **VERSUS** | |
| | |
| **LOWE'S HOME CENTERS, INC.** | **NO. 10-478-C-M2** |
| **and ROB DAVIS** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 22, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE BLACK and<br>EBONESS BLACK | CIVIL ACTION |
| VERSUS | |
| LOWE'S HOME CENTERS, INC.<br>and ROB DAVIS | NO. 10-478-C-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 4) filed by plaintiffs, Tyrone Black and Eboness Black (collectively "plaintiffs"). The defendants, Lowe's Home Centers, Inc. and Rob Davis (collectively "defendants"), have filed an opposition (R. Doc. 6) to plaintiffs' motion.

## FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this suit in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, on November 6, 2009. In the petition, they allege that, while shopping at the Lowe's located at 12484 Airline Highway in Gonzales, Louisiana, on November 7, 2008, Tyrone Black ("Mr. Black") "tripped on a plastic wrapping band that was on the floor" and fell forward onto his knees and hands, causing injury to his knees, elbow, wrist, and side. Plaintiffs allege that the "condition of the plastic band being on the floor where the public was walking and shopping constituted an unreasonable risk of injury; that Defendants caused th[at] condition and/or knew or should have known of th[at] condition; and, that th[at] condition caused injuries to Mr. Black." *See*, Exhibit 1 to Notice of Removal, ¶6. Additionally, in Paragraph 8 of the petition, plaintiffs allege that defendant, Rob Davis ("Mr.

1

Davis"), was the manager of the Lowe's in question and that his negligence caused plaintiffs' damages, and such negligence consisted of the following non-exclusive acts: (A) Failure to properly supervise the Lowe's employees; (B) Failure to keep their aisles free and clear of obstructions; (C) Failure to properly inspect the premises and/or aisle; (D) Failure to properly train personnel in the proper and safe method to maintain a safe environment for shoppers; (E) Failure to reorganize and eliminate dangerous conditions; (F) Failure to provide for the safety of the general public admitted to the place of business; (G) Failing to supervise employees who failed to clean up after stocking the shelves; (H) Failing to supervise employees who left part of a wrapping band on the floor of one of Lowe's aisles; (I) Failure to have in place proper rules and procedures for insuring that no debris is left behind when shelves are stocked; (J) Other such acts of negligence which are inclusively within the knowledge of Defendant; and (K) Other such acts of negligence as will be shown at the trial on the merits in this case. *Id.*, ¶8. Finally, in the petition, plaintiffs also specifically allege that they are both major residents of and domiciled in Ascension Parish, Louisiana, and that Mr. Davis is likewise a major resident and domiciliary of the State of Louisiana, Ascension Parish. *Id.*, ¶1(B).[1]

On July 21, 2010, the defendants removed plaintiffs' suit to this Court on the basis of diversity jurisdiction, asserting that more than $75,000.00, exclusive of interest and costs, is in controversy in this matter[2] and that complete diversity of citizenship exists

---

[1] According to Lowe's notice of removal, it is incorporated in and has its principal place of business in the State of North Carolina. *See*, R. Doc. 1, ¶XIII.

[2] Defendants contend that their notice of removal was timely filed within thirty (30) days of their first ascertaining information through discovery that the requisite amount is in controversy for purposes of diversity jurisdiction. Plaintiffs do not dispute that contention in their motion to remand.

herein because Mr. Davis has been improperly joined in this matter, and his Louisiana citizenship should therefore be disregarded when determining whether diversity jurisdiction exists. Plaintiffs have now filed the present motion, seeking to have this case remanded to state court on the basis that diversity jurisdiction does not exist. While they concede in their present motion that the required jurisdictional amount of $75,000.00 is in controversy, they nevertheless contend that Mr. Davis was properly joined in this matter and that his Louisiana citizenship therefore precludes the existence of complete diversity of citizenship between the plaintiffs and defendants in this case.[3]

## LAW & ANALYSIS

A removing party attempting to prove improper joinder carries a heavy burden. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). If there is arguably a reasonable basis for predicting that the governing state law[4] might impose liability on the facts involved, there is no improper joinder. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).[5] In determining whether there is an arguably reasonable basis for the plaintiff's claims, a district court must resolve any contested issues of material fact and any ambiguity or uncertainty in the controlling state law in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). If there is any possibility the plaintiff has stated a cause of action against any non-diverse defendant, the court must

---

[3] Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.

[4] The governing state law in this case is Louisiana law.

[5] This does not mean that any mere theoretical possibility of recovery, no matter how remote or fanciful, prevents removal. *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286, n. 4. To preclude a finding of improper joinder, the basis for recovery must at least be arguably reasonable. *Id.*

conclude that joinder is proper, thereby defeating diversity and requiring the case to be remanded.  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

The U.S. Fifth Circuit Court of Appeals has recognized that a court may determine whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  A court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[6]  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, improper joinder does not exist.  However, there are cases, where a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, and in such cases, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry by examining outside evidence.[7]  *Id.*; *McDonald v. Abbott Laboratories*, 2005 WL 957142, * 4, n. 6 (5th Cir. 2005).

Thus, the undersigned's task in the present report is to determine whether the plaintiffs have stated a valid cause of action in tort against Mr. Davis such that he could possibly be held individually liable for the plaintiffs' injuries under Louisiana law.  It is well-settled, under Louisiana law, that, in order for an individual employee, like Mr. Davis, to be

---

[6] When reviewing a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court "must accept all well pleaded averments as true and view them in the light most favorable to the plaintiff.  [The court] will not go outside the pleadings and . . . cannot uphold the dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."  *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990).

[7] Under a summary judgment-type inquiry, a court is to "pierce the pleadings to determine whether, under controlling state law, the non-moving party has a valid claim against the non-diverse parties." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

liable to a third person, the plaintiff must demonstrate that the employee breached an independent, personal duty to him/her.  *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958 (M.D.La. 1995), citing *Ford v. Elsbury*, 32 F.3d 931, 935,-36 (5th Cir. 1994) and *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).  The U.S. Fifth Circuit Court of Appeals, in *Ford v. Elsbury*, embraced the guidelines set forth by the Louisiana Supreme Court in *Canter* for determining whether personal liability may be imposed upon an employee:  (1) the principal or employer must owe a duty of care to the customer; (2) That duty must be delegated by the principal or employer to the employee in question; (3) The employee must have breached that duty through his own personal fault; and (4) Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.  *Canter*, at 721.  When all four (4) of the above prongs are satisfied, the action must be remanded.

     In the present case, plaintiffs have not alleged (and the evidence submitted does not reveal) that Mr. Davis had any personal involvement in the events leading up to Mr. Black's accident or that any action by him individually caused the accident.  While he was the store manager of the Lowe's in question on the date of the accident and had overall supervisory responsibility for the operations of the store, defendants assert that Mr. Davis did not control the daily functions of the store, which were delegated to other managers and employees, who, in turn, delegated specific tasks and duties, such as stocking shelves and keeping the store clean, to other employees.  *See*, Affidavit of Rob Davis, Exhibit 4 to defendants' opposition.  In fact, according to Mr. Davis' affidavit, he was not even present at the Lowe's store in question on the date of the accident because he was on vacation,

5

and he had absolutely no knowledge that the plastic wrapping band upon which Mr. Black allegedly slipped and fell was on the floor of the plumbing aisle on that date. Mr. Davis specifically attests in his affidavit that he did not do anything that would have resulted in the plastic band being on the floor of the plumbing aisle. *Id.*

Additionally, although Mr. Black has alleged that Mr. Davis is personally liable to him because the plastic band was left in the plumbing aisle on the date of the accident, Mr. Black testified, during his deposition, that he is not exactly certain of the cause of his fall because he did not see the plastic band in question prior to his fall but that he assumed that the plastic band was the cause of his fall because it was wrapped around or was near his foot after his fall. *See*, Deposition of Mr. Black, Exhibit 2 to defendants' opposition, p. 36, 41. Mr. Black also testified that he is not sure whether the manager who was called to the scene after the accident was Mr. Davis because he does not recall the manager's name. *Id.*, p. 44, 67. Considering that there is no evidence that Mr. Davis was present at the Lowe's store on the date of the accident and that Mr. Black has not alleged or testified to any personal breaches of duty by Mr. Davis relating to the accident (such as testimony that Mr. Davis personally left the band in question on the floor or that Mr. Davis had knowledge of its presence on the floor of the plumbing aisle and failed to take steps to remove it), it appears that the plaintiffs are seeking to impose liability on Mr. Davis for breaches of his general administrative duties as a store manager (such as his duties to supervise, inspect, and train), which is precluded by *Canter*.

Under similar circumstances, courts have routinely held that the store manager/employee will not be held liable to the plaintiff/customer.  *See, Brady*, at 960 (Store manager, who had same citizenship as customer suing store owner for personal injury sustained when boxes fell on her, had been improperly joined to the lawsuit for the purpose of defeating diversity jurisdiction; there were no claims that the manager himself had stacked the boxes in question, and allegations that he breached supervisory duties were insufficient to sustain suit against manager).[8]  Thus, by citing to such well-settled jurisprudence and by pointing out the lack of allegations and evidence indicating that Mr. Davis "actively contributed in any way to the allegedly defective condition" that caused Mr.

---

[8] *See also, Smith v. Armstrong,* 1991 WL 6132 (E.D.La. 1991)(The plaintiff sought damages for injuries he sustained when boxes on a display fell on him.  The fault the plaintiff alleged on the part of the store manager included the failure to instruct his employees properly, the failure to supervise his employees, and allowing his employees to stack the boxes too high.  The plaintiff did not allege that the manager was the employee who stacked the boxes improperly.  The court found that the plaintiff sought to impose liability on the store manager for breaches of his general administrative duties to instruct and supervise, and under Louisiana law, the store manager would not be held individually liable to the plaintiff under those circumstances); *Maxwell v. Monsanto Co.*, 1991 WL 42571 (E.D.La. 1991); *Scott v. Wal-Mart*, 1991 WL 94182 (E.D.La. 1991)("Because personal liability cannot be imposed on a store manager merely because of his general administrative responsibility for the maintenance of the store, there is no possibility that the plaintiff can recover from [the non-diverse manager]"); *Wilson v. Great Atlantic and Pacific Tea Co.*, No. 90-0471 (E.D.La. 1990)(Plaintiff sued the manager of an A & P supermarket for injuries suffered when he slipped and fell in a puddle of shampoo on the floor.  The court noted that the plaintiff had not alleged that the manager caused the spill and neglected to clean it up, but instead, that there was a foreign substance on the floor that he slipped in and that A & P, as the store owner, had a duty to keep the aisles and passageways clean and hazard free.  Under those circumstances, the court found that the store manager had been improperly joined as a defendant); *Tudbury v. Galloway*, 1991 WL 112013 (E.D.La. 1991)(citing additional cases with similar holdings)(Plaintiff sought damages for injuries sustained when she slipped and fell on a liquid substance in a K-Mart.  The fault she alleged on the part of the store manager included the failure to properly inspect the area, the failure to "adequately clean up the area," allowing foreign substances to go unnoticed on the floor, and allowing a dangerous condition to exist on the premises.  She did not allege that the manager caused the spill or saw the spill and neglected to clean it.  Because plaintiff sought to impose liability on the manager for breaches of his general administrative duties to inspect, the manager could not be held individually liable to the plaintiff and had been improperly joined); *Driver v. Wal-Mart Louisiana, LLC*, 2009 WL 2913938 (W.D.La. 2009)(same); *Powell v. Wal-Mart Louisiana, LLC*, 2009 WL 2713203 (W.D.La. 2009)(Manager held improperly joined where there were no allegations that Wal-Mart delegated the duty to clean up the water in an aisle to the store manager or that the store manager breached a personal duty to the plaintiff); *Dusang v. Lowes Home Centers*, 2008 WL 3884395 (W.D.La. 2008)(same)

Black's accident,[9] defendants have met their burden of proving that Mr. Davis was improperly joined as a defendant in this matter. As a result, Mr. Davis' Louisiana citizenship should be ignored for purposes of determining whether diversity jurisdiction exists herein.[10] Since complete diversity of citizenship exists between the plaintiffs and Lowe's, when Mr. Davis' citizenship is ignored, diversity jurisdiction exists in this matter, and plaintiffs' motion to remand should therefore be denied.[11]

---

[9] *See, Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092 (W.D.La. 2005)(Holding that a store manager had been improperly joined where the plaintiff asserted no allegations that the manager "actively contributed in any way to the allegedly defective condition" that caused the accident. As in the present case, the plaintiffs had no evidence identifying the individual who had installed the allegedly defective shelf and could draw no link between the non-diverse manager and that employee. The court classified the plaintiffs' claims against the store manager as "a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment,'" which is not a theory of recovery under Louisiana law. The store manager was held to have been improperly joined and was dismissed from the suit); *Bertrand v. Fischer*, 2009 WL 5215988 (W.D.La. 2009)(It was undisputed that the manger did not cause a spill on the floor of a Target aisle and that he did not have personal knowledge of the spill. The source of the spill remained unknown, and there was no evidence that Target delegated to the manger a duty to inspect aisles or create a schedule for that purpose. The plaintiff failed to draw any link between the accident and the manager and instead attempted to place liability due to the manager's general administrative responsibilities, which did not meet *Canter's* requirements, and the manager was therefore improperly joined); *Carino v. Wal-Mart, LLC*, 2005 WL 1831092 (W.D.La. 2005)(Manager's duty to ensure the safety of patrons is nothing more than an administrative responsibility, and there is no theory of recovery for breach of that duty under Louisiana law); *Newman v. ABC Corp.*, 2005 WL 2050276 (E.D.La. 2005)(citing cases)(same).

[10] *Carter*, at *3.

[11] Plaintiffs rely upon *Hawkins v. Murphy Exploration & Prod. Co.-USA*, 2009 U.S. Dist. LEXIS 13343 (M.D.La. 2009); however, the undersigned agrees with defendants that the facts and allegations in that case are distinguishable from the present matter. In *Hawkins*, the plaintiff was injured while dispensing gasoline into her vehicle at a Murphy USA facility when the fuel dispenser sprayed fuel on her. She named both the owner of the facility and the manager of the facility as defendants. In contrast to the general allegations asserted against Mr. Davis in the present case, the plaintiff in *Hawkins* alleged that the manager was charged with oversight of the facility's day to day operations, specifically including the inspection and maintenance of fuel dispensing equipment. The plaintiff further alleged that the manager failed to properly inspect and maintain the fuel dispensing equipment in question. This Court found that the manager in *Hawkins* had been properly joined because there was a specific allegation that she had personally breached a duty to discover and remedy a defect in the fuel dispensing equipment. Thus, in that case, the plaintiff alleged more than a breach of general administrative responsibilities by the manager and instead alleged that the manager had actively contributed to the accident in question because she failed to inspect and maintain the fuel dispensing equipment even though it was part of her duties to do so. There is no similar allegation or proof in the present case. The plaintiffs in this case simply allege breaches of general duties of supervision, training, and inspection by Mr. Davis; they do not allege that Mr. Davis oversaw the day-to-day operations of specific departments of the store, such as the

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 4) filed by plaintiffs, Tyrone Black and Eboness Black, should be **DENIED** and that defendant, Rob Davis, should be ignored.

Signed in chambers in Baton Rouge, Louisiana, October 22, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

stocking of shelves and removal of debris from the plumbing aisle, or that he owed and breached a personal duty to discover the plastic band in the aisle and to remove it.  Thus, the present case appears to be more akin to the well-settled jurisprudence cited above than to the scenario in *Hawkins*.